United States District Court
Southern District of Texas
**ENTERED**
May 02, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEMECO RYANS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-3554 |
| | § | |
| HOUSTON NFL HOLDINGS, L.P. d/b/a | § | |
| HOUSTON TEXANS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Pending before the Court is the plaintiff's, Demeco Ryans (the "plaintiff"), motion to remand.  (Dkt. No.11).   In response, Houston NFL Holdings, L.P. dba Houston Texans ("Texans"), SMG, Harris County Sports & Convention Corporation ("Harris"), and Strathayr Turf Systems Pty Ltd ("Strathayr") (collectively, the "defendants") filed a response in opposition.  (Dkt. No. 20).  The plaintiff has filed a reply (Dkt. No. 23), to which the defendants have filed a surreply (Dkt. No. 27).  After having carefully considered the motion, the response, the replies, the record and the applicable law, the Court determines that the plaintiff's motion to remand should be **GRANTED.**

### II.   FACTUAL BACKGROUND

At all times relevant to this action, the plaintiff was a professional football player for the Philadelphia Eagles, one of the member clubs of the National Football League ("NFL").   On November 2, 2014, the plaintiff played in a football game against the Texans at NRG Stadium ("NRG") in Houston, Texas.   The plaintiff alleges that he suffered a non-contact injury to his Achilles tendon as a result of a dangerous condition on the field at NRG.  (Dkt. No. 11 at 7).  It is

undisputed that the plaintiff sustained the injury on the field while playing in the game.  It also undisputed that the plaintiff and the Texans are both bound by the collective bargaining agreement ("CBA") governing the terms and conditions of the relationship between the NFL and its players.

On or around October 21, 2016, the plaintiff filed suit in state court against the defendants.  The plaintiff's petition asserts Texas state law tort claims of premises liability against the Texans. [1]  The Texans removed the case to this Court on the basis of federal question jurisdiction, claiming that all of the plaintiff's claims and causes of action are preempted by Section 301 of the Labor Management Relations Act ("LMRA"); asserting that the resolution of the plaintiff's claims would require the interpretation of the CBA.  (Dkt. No. 20 at 8).  On December 30, 2016, the plaintiff filed the instant Motion to Remand, claiming that the matter should be handled in state court because his claims are not preempted by LMRA.

## III.    CONTENTIONS OF THE PARTIES

### A.    The Plaintiff's Contentions

The plaintiff moves to remand, asserting that the defendants cannot show that his state law tort claims are completely preempted by the LMRA.  The plaintiff alleges that his claims are not dependent on an interpretation of the CBA and are not inextricably intertwined with consideration of the CBA.  The plaintiff further argues that his claims are not based on any provision of the CBA nor is the CBA the source of any of his claims.  Accordingly, the plaintiff avers that the defendants have failed to meet their burden and this case should be remanded to the state court in which it was originally filed.

### B.    The Defendants' Contentions

---

[1] In addition to the premises liability claims against the Texans, the plaintiff also alleges state law negligence and products liability claims against the other defendants.

The defendants argue that removal was proper because federal question jurisdiction exists making this Court the proper venue to hear this case.  The defendants argue that the CBA represents the complete understanding of the parties involved.  The defendants assert that player safety on the field of play during the game is among the subjects included in the CBA.  The defendants further argue that the CBA addresses compensation to be received by a player should he be injured in circumstances similar to the plaintiff.  Thus, the defendants assert that the plaintiff's claims are inextricably intertwined with, necessarily require an interpretation of the CBA and are completely preempted by the LMRA.  The defendants ask that the Court thereby deny the plaintiff's motion to remand.

## IV.   STANDARD OF REVIEW

The applicable statute provides two grounds for remand:   (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction.   *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127 - 28, 116 S. Ct. 494, 133 L.Ed.2d 461 (1995).  A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion.  28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction.  *See* 28 U.S.C. 1441(a).  Since federal courts are courts of limited jurisdiction, absent jurisdiction granted by statute, federal courts lack the power to adjudicate claims.  *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  Thus, "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman*, 138 F.3d at 151.  Further, the party seeking to invoke the jurisdiction of a

federal court carries the burden of establishing the existence of federal jurisdiction. *Id.* Any doubt as to the district court's jurisdiction must be resolved in favor of remand. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Federal subject matter jurisdiction is limited to cases that either "aris[e] under the Constitution, laws or treaties of the United States" or involve matters where the amount in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. 28 U.S.C. § § 1331, 1332. The type of original jurisdiction at issue here is federal question jurisdiction.

When determining whether a claim "arises under" federal law, courts are to reference the well-pleaded complaint. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 3232 (1986) (citing *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 -10, 103 S. Ct. 2841, 2846 - 47, 77 L. Ed.2d 420 (1983)). In this regard, an action is said to "arise under" federal law within the meaning of § 1331, if a federal question is an ingredient of the action or when the allegations involve a disputed question of federal law or requires resolution of a substantial federal question. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (citing *Franchise Tax Board*, 463 U.S. at 12, 103 S. Ct. at 2848).

A narrow exception to the well-pleaded complaint rule exists, however, when Congress has so completely preempted a particular area of law "that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S. Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Thus, the Supreme Court has construed § 301 of the Labor Management Relations Act to authorize removal of proceedings that relied only on state law. *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S. Ct. 1235, 20 L.Ed.2d 126 (1968).

## V.   ANALYSIS AND DISCUSSION

Section 301 of the LMRA provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

The Fifth Circuit has stated that "[i]f the resolution of [the plaintiff's] claims will require 'interpretation' of the CBA, then the state-law remedies upon which [the plaintiff] relies are preempted by § 301 of the LMRA."  *Reece v. Houston Lighting & Power Co.*, 79 F.3d 485, 487 (5th Cir. 1996); *See also Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994) ("Preemption occurs when a decision on the state claim is inextricably intertwined with consideration of the terms of the labor contract or when the application of state law to a dispute requires interpretation of the collective-bargaining agreement.")  "However, the [Supreme] Court has also established that Section 301 does not preempt state law claims merely because the parties involved are subject to a CBA and the events underlying the claim occurred on the job."  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985).  Thus, the narrow issue for review is whether (1) the plaintiff's claims are "inextricably intertwined" with the CBA, in which case the Court should deny the plaintiff's motion to remand, or (2) whether the plaintiff's claims are based on independent, non-negotiable state law rights, in which case the Court would not have jurisdiction over the plaintiff's claims.  *McKnight v. Dresser, Inc.*, 676 F.3d 426, 431 (5th Cir. 2012).

"To determine if adjudicating the claim requires interpreting the terms of a CBA, a court is required first to analyze the elements of the tort at issue."  *Richter v. Merchants Fast Motor*

*Lines, Inc.*, 83 F.3d 96, 97 (5th Cir. 1996).  Under Texas law, a claim of negligence requires the plaintiff to prove the following elements: (1) a legal duty owed to the plaintiff by the defendant; (2) a breach of that duty; and (3) damages proximately caused by the breach.  *See Guerra v. Regions Bank*, 188 S.W.3d 744, 747 (Tex. App. 2006) (citing *IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason,* 143 S.W.3d 794, 798 (Tex.2004)).  Because the plaintiff's negligence claim is one of premises liability, the plaintiff must also establish: (1) the defendants had knowledge of an unreasonable dangerous condition; (2) which posed an unreasonable risk of harm; and (3) the defendants failed to reduce or eliminate the dangerous condition.  *See Forester v. El Paso Elec. Co.*, 329 S.W.3d 832, 836 (Tex. App. 2010).  The plaintiff alleges that his claims are exclusive of any rights governed by the CBA, but are instead based on violations of common law duties owed by a premises owner or lessee to invitees.  (Dkt. No. 11 at 12).

The Court now must evaluate whether the CBA is the source of the plaintiff's claims, or whether his claims are independent, non-negotiable state law rights substantially dependent upon an interpretation of the CBA.  The defendants argue that an analysis of the CBA and its incorporated documents is necessary to determine the scope of the above duty.

Contrary to the defendants' assertions, the Court finds that the plaintiff's claims against the defendants are not preempted by Section 301 of the LMRA because the resolution of his claims do not require an interpretation of the CBA.  While the Court acknowledges that the CBA governs certain aspects of the plaintiff's contractual agreement with the NFL, the Court is of the opinion that the terms contained therein would not be implicated in the course of the plaintiff's presentation of his negligence claims.  As held by the Supreme Court, the plaintiff's claims do not automatically require an interpretation of the CBA, but should instead focus on the conduct of the involved parties.  *See Hawaiian Airlines, Inc. v. Norr*is, 512 U.S. 246, 252, 114 S. Ct.

2239, 2243, 129 L. Ed. 2d 203 (1994).  As mentioned above, a negligence claim requires the Court to examine the state common law elements of duty, breach, causation, and damages.  It is clear to the Court that an analysis of these elements does not require an interpretation of the CBA, which prompts the Court to return this matter to its proper jurisdiction.

In summary, the Court holds that the plaintiff's premises liability claim under Texas state law is not inextricably intertwined with consideration of the CBA because the plaintiff has not invoked the CBA to satisfy any of the elements of his claim.  Accordingly, the defendants have neither met their burden of showing that Section 301 of the LMRA preempt the plaintiff's claims, nor have they met the burden of showing the existence of this Court's removal jurisdiction.

## VI.   CONCLUSION

Because the findings contained herein eliminate any basis for subject matter jurisdiction in the instant case, the Court is obligated, pursuant to 28 U.S.C. § 1447(c), to remand this case to the court from which it was removed.  The plaintiff's Motion to Remand is thus **GRANTED**.  It is ORDERED that the present suit is hereby remanded to the 133rd Judicial District Court of Harris County, Texas.

It is so **ORDERED**.

SIGNED on this 2nd day of May, 2017.

_____
Kenneth M. Hoyt
United States District Judge